Mr. Brown. Good morning, and may it please the Court, Anthony Brown for the appellant, Karen Sarkissian. Your Honors, I'd like to reserve five minutes of my time for rebuttal argument, and I want to thank the Court for agreeing to have oral argument in this case. As the Court knows, there were some issues that the government's answering brief had not addressed in the appellant's briefing, and I would like an opportunity to be able to address those issues to the extent the Court had views about them. Those are, in particular, the application of United States v. Lloyd to the argument we made about 404B evidence in Dr. Fupagena's case. We argued that that was inadmissible and that Lloyd is on all fours with this case because there was no evidence that Dr. Fupagena testified about, that there was fraud at the Virgil Clinic, which would have allowed that testimony to be admissible for the purposes that the government offered here. Can I ask you to address an issue that applies to several of your claims, and I want to make sure I have the record straight on this. There was an initial trial in which some objections were made to evidence. The judge ruled on those objections. The conviction was reversed. When the case came back for retrial, and one conviction was reversed, there wasn't sufficient foundation for one of the experts. The government comes back and says, well, we have some supplemental stuff we want to introduce about the expert. You say, no problem with that, no objection. And the government says, and judge, we'd like to invoke the law of the case doctrine. And now here's the question. The judge never says, oh sure, I reinstate all my old rulings. I agree with you that all my old rulings are reinstated. And every time the government seeks to introduce evidence, whether it relies on his prior rulings or not, the judge turns to the defense and says any objection, and the defense with respect to most of the evidence we're now fighting about on appeal, says no objection, your honor. So I'm trying to figure out how you've preserved an argument as to the inadmissibility of those things to which you said no objection at trial. Right, well that was the second reason why I wanted to come here, make sure that this complicated record that I can explain. With that regard to your legal arguments for a moment, have I got the facts wrong? Yes, let me point you to the first place that you got the facts wrong. The court did agree with the government's proposition. Where, tell me where. That's in the F.E.R., the, the, what page? Nine and ten. So what happened was the government proposed that the, they were going to present a law of the case filing, and that all of the district court's prior rulings, including every evidentiary ruling that was made during the trial, would be law of the case. And that's what the government proposed? That's what the government proposed. Tell me what the judge, when the judge said. On the next page on F.E.R. 10, the government said, or the court said, yes, all right. I think that's what he said. Well, okay. When I read that, and that's what, I thought that's what you were talking about. I thought he meant with respect to that's your argument. Does he say I grant that motion? No, but he said yes, you're right, or yes, all right. And, and then, you know, the other thing I want to point out is that that's what the parties understood him to mean, and it's clear from the way the government conducted the trial. Throughout the trial, repeatedly, and I'll give you several citations for this, the government would offer evidence, and it would say pursuant to the motion, eliminate your argument. But he always then turned to defense counsel, the judge, and said any objection. Right, and here's what, and here's what was going on there, is as this court knows, law of the case from pretrial motions is law of the case in that case, unless there are circumstances that change. And trial counsel in the pretrial conference on the, on really the first day of trial, it was the second day of trial, but the first day of evidence, said, your honor, to the extent that there are circumstances that have changed, I want to preserve my right to object to those things. And so, you, you have to read the statements that are made in the context of what the government was arguing, and what the law of the case means. Okay, so now, let me go back. Let's assume for a moment that the government really, that the government said we want a law of the case ruling. You never objected to that, did you? No. No, there was no, there was no explicit objection to that. Okay, so then. But, there are also. Even if it's, even if it's wrong, aren't we still reviewing for plain error? No, because the only grounds for an objection to that would be if circumstances had changed. No, no. That's what the law is. That, that's not right. There's, there's no case that says that once a conviction is reversed, all rulings in the first trial apply at the second. There is a case. Where's, there is. United States versus TAM. And that's cited in the government's briefing, 960 Fed Second 1391. Do you think that their law of the case motion was appropriately brought? I do, actually. Then, then what was your granted? There was no harm. What, what I'm saying is that if, to our advantage, because we're here on appeal now, challenging the substantive nature of the motion. Right. Your, your argument is that you did preserve all your objections to this evidence because the government correctly moved to have the law of the case doctrine apply and the judge correctly granted that motion. What I'm saying, yeah, I'm saying that the government correctly stated the law and that there were no new circumstances that would have made it. So then all the objections in the first trial carried over. Is that, is that carry over to the second? Exactly. Okay. Assuming that's the case. Tell me why. Tell me what your best admission of evidence argument is in the second trial that prejudices you. I, I want to focus on, on the, on two. The second trial that the judge correctly offered, what supposedly was modus operandi expert testimony. It wasn't a modus operandi expert opinion. And what he, what he offered was just a bunch of facts about, or maybe some facts about fraudulent health care clinics that he had investigated in the past. So why isn't that a modus operandi? I mean, he's, he's saying these are the common factors that occur. That occurred. But what is a modus operandi opinion? Modus operandi means a way of committing a crime. He wasn't talking about a way of committing a crime. He was just talking about some things that happened in fraudulent clinics. Let me give you a couple examples. Okay. He said, in my experience, fraudulent clinics generally are in poor neighborhoods. That's not a way of committing a crime. That's just a fact that's out there. And then, you know, the other thing about that is, that wasn't the case in, in Mr. Sarkissian's trial. There was no evidence at all that the Sunset Clinic was located in a poor... But then why does that matter? I mean, that, that would actually help you. Okay. I knew we were going to get there. Because Keith Kuntz's testimony is a package deal. A lot of what he said didn't apply to this case. Most of what he said was ambivalent. But there was one thing that he said that was clearly prejudicial. Mr. Sarkissian was the manager of the Sunset Clinic. And he said, the person who is the manager of a fraudulent clinic generally is the person who is in charge of the fraud. The person who, who, who conducts the fraud. Okay. And his entire, the entire justification for asking for Keith Kuntz to testify was that he was going to offer a motive... To that testimony? No. Now, tell me what objection was made at the first trial that would have preserved this issue for appeal? Yeah. So, at the first trial... Because I understand there was a, there was a Daubert hearing, but I think that was, that was... No, there was never any Daubert hearing. But there was a Daubert objection. In fact, one was, one was requested and the court denied it. Yeah. It was a Daubert objection and the court said he's qualified to testify. No. And not at the first trial. The court made no objection. So, it was reversed. Right. Yeah. That's why it was reversed. So, I think what Judge Hurwitz is saying is, this seems like a new issue. Right. We reversed because his qualifications weren't sufficiently established. Right. His reliability. So... In the second trial, they introduced evidence to establish his reliability. No. You, you, you, you, you're not up here today, today arguing right now that he wasn't reliable. You're arguing that the opinion that he offered wasn't, wasn't really an opinion. I'm trying to figure out where you preserved that objection. I, I'm arguing both. Okay, but the, but on the one that I asked you about, where did you preserve that objection? Right. So, if you look at ER 750 through 777, that's the initial motion that was motion eliminated to exclude Keith Koontz's testimony. Right. Here's what happened on remand. And this is why that covers the entire case. And, and this, this is one of the reasons why I need to be here today. When the government submitted its supplemental findings, the first thing to notice about that is the word supplemental. Okay. It wasn't a new ruling. It was designed to supplement the past ruling, and that was the denial of the court's motion that appears at 750-777. Okay. The supplemental findings were based exclusively on the record from the first trial. There was no new declarations that were admitted. It says explicitly in the government's motion and in the proposed findings that the supplemental findings are based only on Koontz's testimony from the first trial. So your point is the same, you know, you're using law of the case on the other side. As a weapon, exactly. Yeah. Yes. But I'm still stuck with this. You, you filed a motion in limine in the first trial. Correct. The judge denied it. Correct. Generally, what the, what our law is, that denial of a motion in limine does not preserve an issue. You need to object to the introduction of evidence at trial because denial of motion in limine is a pretrial ruling. Was there an objection at trial in the first trial to this, to, to Mr. Koontz's testimony? I, I don't believe that the objections were made. But I also disagree with the court on that. If, if you bring a motion pretrial and circumstances haven't changed at trial and things don't, don't occur that would justify a new objection, you don't have to renew the objection. Well, no, our law is that unless the, you don't have to renew them if the judge makes clear that the ruling is final and not subject to change, but that the inherent nature of a motion, pretrial motion in limine is that it's a tentative ruling depending on what happens later on. So I'm trying to figure out from trial one, what was, what was there that, that, that would get you around that block? I, I, there were actually two pretrial motions with respect to Keith Koontz and the court denied both of them. The second one was the Rule 16 one. But just denied them. The Rule 16 one was about disclosure in, obviously. So what, but that's not the objection you're making now. I'm, what I'm saying is trial counsel goes before a district court judge twice. The judge, you know, denies both orders twice. So you think that order prevented you from, or excused you from having to make any objection at trial? Correct. I did. Okay. Yeah. And also, you know, the government didn't raise this argument. So I just want to make it clear. Well, no, but the government, to be fair, says you haven't preserved. But they didn't raise that argument for preservation, Your Honor. Okay. So then the other, the other thing. Do you want to reserve? You're, you're down to two and a half minutes. Yes. I'd like to reserve my time. Thank you. Thank you. Good morning, Your Honors, and may it please the court. Tyler Lee for the United States. I'd like to begin by addressing the expert witness issue. Sarkeesian waived his challenge to the relevance and reliability of Agent Kuntz's modus operandi testimony by affirmatively and repeatedly stating that he had no objection to the district court's supplemental findings on relevance and reliability. Well, so your view is that those supplemental findings, those supplemental findings, I thought, were meant to address our finding in, in the, after the first case that the  Okay. So that extra evidence that you were putting in was as to reliability as to both relevance and reliability, right? But it doesn't. It doesn't. It wasn't. I'm not sure why stipulating to that evidence waives their objection to whether or not he's entitled to say he's he's entitled. Everything that he says is is is admissible as expert testimony. Well, there are two separate issues here, Your Honor. The first is whether the expert was relevant and reliable. And I think there's sufficient evidence here, given your supplemental finding, for a judge to make a reliability finding. So then turning, you would like me to address the four or three. But what he says is, okay, he's reliable, but he can't get on the stand and say my opinion is that managers are the people who commit these crimes because that's not really an expert opinion. So address that. Yes, Your Honor. It was an expert opinion. In this case, Agent Kunz's testimony about office managers role in fraud was not unduly prejudicial for a couple of reasons here. The first is that, as your honors have recognized, that Sarkisian did not object to this testimony as it was being offered during the trial. And so in the in the initial motion in limine, was that testimony at issue that what managers normally do? I believe so. There was notice offered as to what Kunz was going to testify to, but the expert notice that's provided by the government doesn't lay out verbatim everything that an expert witness is gonna say on the stand. So if there is a particular... No, I'm trying to figure out, since we're now relying on the first motion in limine, what the objection was to this testimony. Put aside the Rule 16 issue, because that obviously gets solved over time. What was the objection to the expert testimony in the first motion in limine? It was the same challenges that Sarkisian now raises. First, with respect to whether the expert was relevant and reliable, and second, with respect to this testimony being unduly prejudicial. But again, we would argue that he did not preserve any objection through that previous motion in limine, given that it was for the first trial and it was incumbent on Sarkisian to raise this objection again for the retrial. Well, except now, this is where we started, and I'm having some difficulty with this. Because actually, Mr. Sarkisian is making the opposite of the argument that I thought he was making. You say, Judge, there's a law of the case issue here. All your initial rulings ought to stand. He says, I agree with that. And so why do they have to object again at the second trial in order to preserve it? Respectfully, Your Honor, I wanna be clear about the record here. The government stated that its position was going to be that the law of the case rulings would apply... And he says, we agree. We agree. Sorry, with the exception of those rulings that were affected by the appeal. So the ruling on the expert was an issue that was affected by the appeal, given that this court reversed for the absence of relevance and reliability findings. And so the government, specifically, when stating its position on law of the case, exempted that ruling because it was affected by this intervening appeal. And are we talking about the same place or the FER that we're... No, I'm sorry. I'm referring to the government's notice of prior rulings or its position on law of the case. Oh, the actual filing. Yes. With respect to the FER page 10, the government lays out its position, says that its position is that it wants most of these law of the case rulings to apply and says, we'll consult with defense counsel. And then the court says, okay, all right. At no point did the district court make a blanket decision or a blanket ruling explicitly stating that it was adopting all of its prior rulings as law of the case. And in fact, it was Sarkissian's own position that law of the case was discretionary and that the court should rule on the evidence as it came in at trial. That's what he asked the district court for, and that's essentially what the district court did here. And so given that request by Sarkissian and the absence of a blanket ruling adopting law of the case by the district court... Okay, so let's focus on Mr. Kuntz for a second. Yes. Did you make a law of the case argument with respect to the introduction of his testimony? No, Your Honor, because again... Well, you did on some other pieces of evidence. Not to the extent that it was affected by the appeal. So that is the issue of the relevance and reliability. No, I mean, just when the testimony was being offered, was there any mention of law of the case? I don't believe... I would have to check, Your Honor, but I don't believe there was an explicit mention, because again, it was the government's understanding that because this was an issue that was affected by the appeal and the reversal of the first trial, that there would need to be issues resolved for the retrial, specifically these new relevance and reliability findings. But returning to the office manager's statement, it's also important to note here that one of the reasons why this statement was not unduly prejudicial was it was because it was taken as a broader... It was given in the broader context of Kuntz's modus operandi testimony about healthcare fraud generally. So he didn't get on the stand just to say, oh, office managers always do this and that was it. Rather, it was given in the context of a broad overview of how fraudulent clinics operate. He described not just the office manager role, but also other roles of those involved in healthcare fraud, such as the doctor, the physician's assistant, and the marketers. And this court has upheld similar modus operandi testimony, for example, in the context of drug trafficking cases, where expert witnesses have stated that drug couriers, for instance, typically know that they are carrying drugs. And so a similar reasoning should apply here. Have we ever upheld it in a case like this, like healthcare fraud? Not to my knowledge, Your Honor. But again... Are there other courts that have looked at it in that context? I'm not sure if there are or not, Your Honor, outside of this circuit. I am not sure on that. But again, this was all going back to Kuntz's testimony was proper and relevant to help the jury understand what the modus operandi of fraudulent clinics was, which includes here the role of the office manager. But is your position, then, that the government could always put in testimony regarding modus operandi in any criminal act? No, Your Honor. Again, the district court would always have to make the specific finding that it would be relevant to help the jury understand the facts of this case. I mean, it seemingly would always be relevant under the way you presented it. And that's what I'm trying to figure out is why was it... There is some prejudice here. They've raised prejudice. And so I guess the question is, does the benefit outweigh that or the relevance? And that's what... Where's the limit on this? If you say the district court has to find that, where would a district court say, I'm not gonna allow that in this kind of a criminal action? Again, it would be very case specific depending on the facts, depending on the specific nature of the testimony that was going to be heard. But here... But at a minimum, we're reviewing this for abuse of discretion, right? Well... I mean, your argument is it's forfeited or plain error. Correct, Your Honor. But we would submit that this challenge fails under any standard of review, even if this court were to review under abuse of discretion. Because again, the district court has the discretion to determine whether this evidence is admissible. Again, this testimony that Sarkisian did not object to. And relevant evidence is, of course, inherently prejudicial. But here, it was not so unduly prejudicial as to outweigh the probative value of helping the jury understand the relationships and the roles of the different players in healthcare fraud. Additionally... What about the argument that there wasn't enough fit between Kuntz's testimony and the facts of this case? Does that... What's the government's response to that? I mean, he stood up here and said, well, there was all this testimony about this fraud usually happens in poor neighborhoods, and that wasn't what was at issue here. So... Yes, Your Honor. So Kuntz testified based on his knowledge and experience about indicia of healthcare fraud that was common in his experience in his expert capacity. And while he arguably did identify several indicia that may not have been present here, he also did identify many indicia that were relevant. And so Kuntz's role here as a generalized expert was to provide the jury with these tools, which this expert modus operandi testimony, which then they could assess in the context of the specific evidence being offered in the context of this case to determine whether, in fact, healthcare fraud had occurred. So what happened between the memorandum disposition the first time, says Kuntz admitted that he wasn't an expert on something? On money laundering, Your Honor. That was the specific issue that was identified. So did he offer any expert testimony on money laundering in the second trial? He did offer a limited amount of testimony on money laundering, specifically in the context of healthcare fraud, and did testify on the stand regarding his qualifications on that issue. So you think his acknowledgement at the first trial only goes to the weight of the evidence, not to the admissibility of it? Or did he become an expert between the first and second trial on the healthcare aspects of money laundering? So I believe the issue at the first trial, Your Honor, was that Kuntz was not an expert as to money laundering generally, and that was what he was saying he was not an expert on. Well, actually, the MemDisc, but I haven't looked at the record, says Kuntz himself acknowledged that money laundering by fraudulent clinics was not his area of expertise, and he seems to have testified at the second trial about money laundering by fraudulent clinics. So I'm trying to figure out what happened between the first and second trial on that issue to give him the expertise. It's possible. There were a number of years between the first and second trial. Well, what's in the record? Well, again, the government did give notice prior to the second trial that Kuntz would be offering this testimony. The district court indicated it was going to make these relevance and reliability findings with respect to Kuntz's testimony. Let me rephrase the question differently. Is there something I can point to in the record that you submitted or that came into evidence between the first and second trial that gives rise to a finding that he's an expert on money laundering by fraudulent clinics? Yes, Your Honor. It's not in the excerpts, but it is at docket entry 621 at page 329, and that is where Kuntz testified as to his qualifications with respect to money laundering. By fraudulent clinics. By fraudulent clinics. His testimony may have been impeachable by his testimony at the first trial, but there's a foundation for his testimony. Correct, Your Honor. And then again, just on the office manager's statement, I would reiterate that Kuntz... It was clear that Kuntz had no knowledge of the facts in this case, so he was testifying as a generalized expert only. He wasn't making any testimony with respect to a dual role or opining  that Sarkisian now challenges was not even mentioned by the government in its initial closing argument. It was mentioned once in the rebuttal argument, but it was not like the government unduly relied on this one particular statement in making its argument. And there was ample other evidence from which the jury could conclude that Sarkisian was guilty. Can you address... I think it was Tweed's testimony where I think the argument, if I understand it correctly, is that Tweed relied on statements outside of the conversations that he was testifying on to interpret ambiguous statements. Is that expert testimony on that or what is that exactly? No, Your Honor, that is lay opinion testimony. This court has recognized that a law enforcement officer can offer his lay interpretation of conversations based on his direct knowledge and observation of an investigation, and that was the case here. Agent Tweed was surveilling Sarkisian in his conversations with these other individuals. And what was he... Was he relying on just generalized knowledge? Because it seems very specific to this case. I mean, usually we'll see this in drug cartel cases where they've... They said, well, this is what the drug cartels are talking about. But that's different than what we're seeing here, I think. He's not saying, oh, this is what... This is how all healthcare fraudsters characterize this. So does that make any difference in this case? There are some factual differences, but I don't think it makes a difference in terms of him being permitted to offer that testimony. So he wasn't, as in drug trafficking cases, he wasn't offering an interpretation of a coded term, for example. But he was offering his interpretation based on his overall knowledge of the investigation. These exhibits that were introduced of the confidential source were excerpts of a larger conversation, the entirety of which Tweed surveilled. So he was providing context for some of these excerpts. Based on information that hadn't gotten into the jury that he knew because he'd listened to the full conversation. Correct, Your Honor. So focus on the... So it wouldn't be more than 10. Tell me how his investigation... Why this is a lay... Why this is lay testimony as opposed to an investigation supported his conclusion that 10 meant, what, 10,000, I think? Yes, Your Honor. So he wasn't... He himself was not offering necessarily his own interpretation of what 10,000 meant, but rather what the no more than 10 meant, but was simply providing context for that particular statement made by Sarkeesian. And this court has recognized in the Gadsden case that statements providing clarification and context do not present... But he's interpreting a statement. It sounds like a coded word to me, 10. He's interpreting a statement and says, in the context of this case, you should, jury, you should believe... You should read that word 10 as 10,000. Yes, he was... Well, he was offering the context of what Smolianski, the co-schemer, stated in the conversation following Sarkeesian making that statement. So what was his basis for saying you should interpret it as 10,000? It wasn't his expertise because this is not an expert opinion. What was the factual basis for him as a lay witness to say that? Again, it's not so much that he was offering his own interpretation of what that meant, but was simply providing Smolianski's statement as context for Sarkeesian's own comment. He was saying, when he says 10, you need to refer to somebody else's statement where they make clear that they're talking about 10,000? I'm just trying to see if he's not doing so as an expert. Tell me how he... Tell me what factual basis there is for him saying that. Well, again, because he was surveilling this entire conversation, so he was privy to the parts of the conversation. Okay, he was surveilling all of it. What's the other part of the conversation that gives him the ability to say 10,000? That Smolianski then said, it means no more than $10,000. And the fact that during the agent tweets surveillance of this investigation, that he observed that the checks that were written, that were cashed by the confidential source in Sarkeesian here were never written in the amount of more than $10,000. Thank you. Thank you. Okay. We'll hear a rebuttal. Thank you, Your Honors. Look, I have about five quick points just to rebut things that were said by the government. The one that I cannot walk out of court without making right now is that regardless of whether the Coons issue is reviewed as we think it should be for abuse of discretion or plain error, it was plainly erroneous. And I'm going to point you to one page in the record that irrefutably proves that it was erroneous, and that's on page 1ER47. That's the district court's finding that Agent Coons reliably applied the principles and methods to the facts of this case. That finding has no support in the record, and it never happened. You can compare it to Agent Coons' testimony at 4ER655, which was from the first trial, and 2ER196, 203, and 252 from the second trial, where Coons testified both times that he had no understanding of the facts in this case. How could he have applied his methodology to the facts of this case when he specifically disclaimed that that's what happened? This is plainly erroneous, the ruling. The second issue I want to make is to rebut the government's argument that somehow, when it was arguing for law of the case with regard to the order denying the motion to exclude Chief Coons' testimony, that it made an exception for issues that were affected by the appeal. That's not true, and I'm going to point to another place in the record to show that irrefutably. ER636, there, the specific order denying the motion in limine is listed, and then footnote two makes it clear that what the government wants is the substance of that order to remain law of the case, and then they alert the court, we're just gonna paper over these procedural errors that occurred under 702. What we're gonna do is we're gonna give you some relevance and reliability findings that you didn't make in the first trial, and that's gonna dot your I's and cross your T's, but the substance of the ruling, that was preserved, and they say that was law of the case. And then... So, how did you preserve your objection to the reliability determination the second time? Yeah, so the second time, there was no need to object again, because... No, no, no, no, no, no. They introduced additional evidence, which you didn't object to. Untrue. First, they said established reliability. That's not true. There was no additional evidence. That was my point earlier in saying that... I don't care whether you call it additional or supplemental. It was evidence that wasn't in the record at the first trial. That's... No, no, not evidence. It was a finding that was supplemental. The evidence was... Whether you call it a finding or evidence... No, no, but it's... No, no. I'll let you finish, but you let me finish first. Sure, absolutely. Whether... However you characterize it, you had no... You said no objection to it, correct? Correct. Okay. So now, we've got something new in front of the court, and the court then makes a reliability finding, and I'm trying to figure out when... Even assuming that your previous objection, after all it worked on appeal, this court said he hasn't made a reliability finding, you better make one. When it comes back, when do you preserve your objection to the reliability finding? So, this is the point I was trying to make. There's a big difference here between a finding and evidence. The government often... No, and let's assume that there's not sufficient evidence at the second trial to establish reliability. I'm trying to figure out where you preserve that argument, because the argument you made at the first trial was there's not sufficient evidence to show reliability. Right. In effect, the Court of Appeals said, you're right. They go back at the second trial, and they put him back on, and they purport to put in some stuff. Whether it's good or bad, forget about it. So now the judge says, okay, I'm making a finding of reliability, and I'm trying to figure out when you ever objected to that. Yeah, so let me explain what happened. Well, first, can you tell me did you object to it? I love that you're engaged on this issue, and I can tell you, I need a couple sentences to get it out. Okay. So, put yourself in the position of defense counsel. You've made an argument at the first trial, and the court denies it, but you go up on appeal and the Ninth Circuit says, in the Sarkissian opinion, and this is on page 618, they say, look, the record here is too sparse for us to figure out whether or not any of the witnesses are qualified. 618 of the Sarkissian opinion. Then you come back, and the government says, Your Honor, I want you to make a relevance and reliability finding based on the record from the first trial. If I'm defense counsel, I'm like, fine. You go ahead and make that. Yeah, they added additional evidence. I mean, that's... No, no, no. But they don't add any evidence. They're saying on a record that this court has already ruled was insufficient to support a finding that Kuntz was qualified. We want you to make erroneous findings. That's what happened. Okay. But they say, here's our supplemental... Whatever they are. Here's our supplemental findings. And you're saying those supplemental findings are not sufficient. They don't add anything to the ones before, and therefore, he's still not reliable. Do you ever say that to the district judge? They don't. And there are two things to be said. No. One is, I don't think they need to. Before you explain it, the answer is no. The answer is no. Okay. Okay. So, fine. The answer is no, but there are two reasons why that doesn't matter. The first is, like I said, the government has a burden here, too, and they didn't meet it. So this is plainly erroneous in any event. And the second thing is, the court has a burden, too. It has an independent obligation under 702 to play gatekeeper. And the court did not play gatekeeper here. So, I agree with you. There was no explicit... But I think part of the problem is, the objection that was made in the first trial, this is what we're struggling with, I think. The objection in the first trial can't just transfer over exactly in the second trial, because there was supplemental evidence brought in. And so, just so we're clear about the question we need to decide is, does this additional information that was submitted cure the deficiencies that we held existed in the first trial? Right. And the answer is no, and it does carry over. And the reason is, there wasn't any additional evidence. There was a finding, and the finding was based on the same evidence as before. So you may fault defense counsel for not raising the objection and pointing that out to the court. And however you're gonna rule on that, that's fine. But the inescapable issue here is that the government offered no new evidence, and yet the court entered exactly the same findings after this court had already said, on that record, we can't tell whether any of the witnesses are qualified. I don't know how that can be anything but plain error. Okay. Thank you, Your Honor. We have your argument, and thank you for the briefing. Thank you both for your arguments today. Very helpful to the court in this complicated case. The case is now submitted, and we'll move on to our final argument for the day.
judges: HURWITZ, NELSON, Kane